HSBC Bank USA, N.A. v Janvier (2020 NY Slip Op 05893)





HSBC Bank USA, N.A. v Janvier


2020 NY Slip Op 05893


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-10714
2018-05021
 (Index No. 604150/15)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Marie Janvier, etc., respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated July 28, 2017, and (2) an order of the same court dated December 29, 2017. The order dated July 28, 2017, insofar as appealed from, granted that branch of the motion of the defendant Marie Janvier which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and denied, as academic, that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference. The order dated December 29, 2017, denied the plaintiff's motion, denominated as one for leave to renew and/or reargue, but which was, in actuality, one for leave to reargue its opposition to that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her and that branch of its prior cross motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference.
ORDERED that the appeal from the order dated December 29, 2017, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated July 28, 2017, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Marie Janvier which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Preliminarily, the appeal from the order dated December 29, 2017, must be dismissed. The plaintiff's motion, although denominated as one for leave to renew and reargue, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (see Gerendash v City of New York, 163 AD3d 633, 634; Poulard v Judkins, 102 AD3d 665, 666).
The defendant Marie Janvier (hereinafter the defendant) executed a mortgage to [*2]secure payment of a $297,065 adjustable rate note to Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender. The note and mortgage were eventually assigned to the plaintiff. The defendant allegedly defaulted under the note and mortgage by failing to make payment beginning March 1, 2007, and, on September 7, 2007, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2007 action). The defendant defaulted in answering the complaint. In an order dated November 3, 2014, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her and directed dismissal of the complaint as abandoned.
On April 21, 2015, the plaintiff commenced this action to foreclose the mortgage. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated July 28, 2017, the Supreme Court granted the defendant's motion and denied, as academic, the plaintiff's cross motion. The plaintiff appeals.
We disagree with the Supreme Court's determination to grant the defendant's motion to dismiss the complaint as time-barred. A defendant who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Berger v Stolzenberg, 158 AD3d 738, 739; Murray v Charap, 150 AD3d 752, 753). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Berger v Stolzenberg, 158 AD3d at 739; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781). An action to foreclose a mortgage is generally subject to a six-year statute of limitations (see CPLR 213[4]). Here, the defendant met her prima facie burden by demonstrating that the statute of limitations began to run on September 7, 2007, when the plaintiff accelerated the mortgage debt and commenced the 2007 action (see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234), and that the instant action was commenced in April 2015, more than six years later.
However, in opposition to the defendant's prima facie showing, the plaintiff raised a question of fact as to whether the action was timely commenced pursuant to the savings provision of CPLR 205(a). CPLR 205(a) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation."
In 2014, the Supreme Court granted that branch of the defendant's motion pursuant to CPLR 3215(c) which was to dismiss the complaint in the 2007 action insofar as asserted against the defendant and directed dismissal of the complaint as abandoned. Although the court's order of dismissal pursuant to CPLR 3215(c) found that the plaintiff "failed to offer a reasonable excuse as to why it did not seek to enter a judgment against [the defendant] until almost seven years after her failure to answer or appear," it did not otherwise "'include any findings of specific conduct demonstrating a general pattern of delay in proceeding with the litigation'" (U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1171, quoting Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198 [internal quotation marks omitted]). Accordingly, under the circumstances, the court should not have granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her as time-barred.
In light of our determination, that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference is no longer academic. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of that branch of the plaintiff's cross motion.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court