Deutsche Bank Natl. Trust Co. v Baquero (2021 NY Slip Op 01246)





Deutsche Bank Natl. Trust Co. v Baquero


2021 NY Slip Op 01246


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-02823
 (Index No. 713058/17)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Emigdio Baquero, etc., appellant, et al., defendants.


Frank Kojo Forson, Brooklyn, NY, for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Mitchell S. Kurtz and Laurence P. Chirch of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Emigdio Baquero appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 17, 2019. The order, insofar as appealed from, denied the motion of the defendant Emigdio Baquero for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims, inter alia, pursuant to RPAPL article 15 to cancel and discharge of record the subject mortgage, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Emigdio Baquero, to strike that defendant's answer and counterclaims, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 28, 2006, the defendant Emigdio Baquero (hereinafter the defendant) executed a note and, thereafter, gave a mortgage to the plaintiff's predecessor in interest on certain real property located in Queens.
On November 8, 2007, the plaintiff commenced an action against, among others, the defendant to foreclose the mortgage (hereinafter the 2007 action). On or about August 4, 2010, the Supreme Court granted the plaintiff's motion to voluntarily discontinue the 2007 action.
On June 9, 2010, the plaintiff commenced a second action against, among others, the defendant to foreclose the mortgage (hereinafter the 2010 action). In an order dated April 6, 2017, the Supreme Court dismissed the 2010 action "without prejudice" based on a Court Attorney Referee's finding that the plaintiff had failed to file an order of reference, as directed by two court orders.
On September 20, 2017, the plaintiff commenced the instant action against, among others, the defendant to foreclose the mortgage.
In an order entered January 17, 2019, the Supreme Court, inter alia, denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred and for summary judgment on his counterclaims, inter alia, pursuant to RPAPL article [*2]15 to cancel and discharge of record the mortgage, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and counterclaims, and for an order of reference. The defendant appeals.
In moving for summary judgment, the defendant established, prima facie, that the mortgage debt was accelerated when the plaintiff commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090). The defendant further demonstrated that this action was commenced on September 20, 2017, more than six years later (see CPLR 213[4]; Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770).
However, in opposition to the defendant's prima facie showing and in support of its own cross motion, the plaintiff established that this action was timely commenced based upon the savings provision of CPLR 205(a). Specifically, this action was commenced within six months of the entry of the order dated April 6, 2017, which dismissed the 2010 action. Contrary to the defendant's contention and the finding of our dissenting colleague, the 2010 action was not dismissed for neglect to prosecute, a category of dismissal that renders CPLR 205(a) inapplicable. "Where a dismissal is one for neglect to prosecute the action . . . , the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205[a]). Here, the order dated April 6, 2017, "did not include any findings of specific conduct demonstrating 'a general pattern of delay in proceeding'" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198, quoting CPLR 205[a]; see Sokoloff v Schor, 176 AD3d 120, 128). Moreover, by dismissing the 2010 action without prejudice, the Supreme Court "permitted the plaintiff to avail itself of CPLR 205(a) to recommence the foreclosure action" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 199).
The parties' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims, and granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and counterclaims, and for an order of reference.
RIVERA, J.P., LASALLE and IANNACCI, JJ., concur.
BARROS, J., dissents, and votes to reverse the order insofar as appealed from, on the law, grant the motion of the defendant Emigdio Baquero for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims, inter alia, pursuant to RPAPL article 15 to cancel and discharge of record the subject mortgage, and deny those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Emigdio Baquero, to strike that defendant's answer and counterclaims, and for an order of reference, with the following memorandum:
In an order dated April 6, 2017, the Supreme Court dismissed the plaintiff's second foreclosure action, which had been pending for more than six years, on the ground that the plaintiff failed, without good cause shown, to comply with two prior court orders directing the plaintiff, inter alia, to file both an application for an order of reference and an attorney's certificate of merit. For the reasons set forth herein, this was a dismissal for a "neglect to prosecute" within the meaning of CPLR 205(a), and therefore, the plaintiff's third foreclosure action, which was commenced well after the expiration of the six-year limitations period, was time-barred.
"CPLR 205(a) provides that when an action is dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may bring a new action within six months of the dismissal, even though the action would otherwise be barred by the statute of limitations" (Marrero v Crystal Nails, 114 AD3d [*3]101, 103 [emphasis added]; see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 607-608). The statute "serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely commenced, had been dismissed due to a technical defect which can be remedied in a new action" (United States Fid. & Guar. Co. v Smith Co., 46 NY2d 498, 505 [emphasis added]; see Sokoloff v Schor, 176 AD3d 120, 127; Hyowon Kim v Cruz, 94 AD3d 820, 821). Here, the order of dismissal did not refer to any technical defect that could be remedied in a new action, but rather referred to the plaintiff's repeated violation of court orders.
"The plain purpose of excluding actions dismissed for neglect to prosecute from those that can be, in substance, revived by a new filing under CPLR 205(a) was to assure that a dismissal for neglect to prosecute would be a serious sanction, not just a bump in the road" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 521).
"Where a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205[a]; see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198; Marrero v Crystal Nails, 114 AD3d 101). "[T]he 'neglect to prosecute' exception in CPLR 205(a) applies not only where the dismissal of the prior action is for '[w]ant of prosecution' pursuant to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 520). Where the record makes clear the basis for the prior dismissal, the question of whether it was a dismissal for neglect to prosecute is a question of law (see id. at 520-521).
Here, contrary to the determination of my colleagues in the majority, the order of dismissal set forth the specific conduct constituting the neglect. The Court Attorney Referee's report, which was incorporated by reference and attached to the order of dismissal, stated, "Plaintiff . . . failed to comply with the previous court orders dated June 24, 2016, and December 6, 2016," and "Plaintiff failed to file the Order of Reference, as previously directed by the Court, without good cause shown." The Court Attorney Referee's findings, which were expressly incorporated into the order of dismissal, described the plaintiff's specific conduct so as to create a proper record for purposes of any reargument or appeal (see Sokoloff v Schor, 176 AD3d at 128).
Thus, this case is readily distinguishable from Sokoloff v Schor (176 AD3d 120) and Wells Fargo Bank, N.A. v Eitani (148 AD3d 193). In both of those cases, the orders dismissing the prior actions did not include any findings of specific conduct demonstrating a general pattern of delay in proceeding with the litigation (see Sokoloff v Schor, 176 AD3d at 131-132; Wells Fargo Bank, N.A. v Eitani,148 AD3d at 198).
Since the specific conduct constituting the neglect was described in the order of dismissal, the next consideration under CPLR 205(a) is whether such conduct amounts to a general pattern of delay in proceeding with the litigation. The order of dismissal, in conjunction with the two prior orders referred to in that order, compel no other conclusion than that the plaintiff's repeated conduct in ignoring court-mandated deadlines amounts to a general pattern of delay. On June 24, 2016, when the Supreme Court held a status conference with the plaintiff and directed that the plaintiff file an application for an order of reference, the foreclosure action had already been pending for more than six years. The court gave the plaintiff more than five months to comply with its deadline, which was set for a status conference on December 6, 2016. When, by the December 6, 2016, status conference, the plaintiff again failed, without good cause shown, to meet that deadline, the court generously gave the plaintiff an additional 3½ months to comply. The order dated December 6, 2016, indicated that the next appearance on March 21, 2017, would be the "final status conference," and warned that failure to comply may result in dismissal. At the "final status conference" on March 21, 2017, the plaintiff again appeared and failed to comply with the prior court order without good cause. By the time the court ordered dismissal of the action in April 2017, the action had been pending for nearly seven years, and the plaintiff, without good cause shown, had [*4]not even taken the very basic step of bringing an application for an order of reference or certifying that there was a reasonable basis for commencing the action [FN1]. Under the circumstances, the plaintiff's conduct in repeatedly failing to comply with court orders sufficiently established a general pattern of delay in proceeding with the litigation.
The Court of Appeals has emphasized on numerous occasions that "[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d 118, 123; see Cadichon v Facell, 18 NY3d 230, 236; Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81; Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 521; Miceli v State Farm Mut. Auto Ins. Co., 3 NY3d 725, 726; Brill v City of New York, 2 NY3d 648, 652-653). Where an action is dismissed for repeated failure to comply with court-ordered deadlines, "it is not acceptable to permit plaintiffs to start all over again, after the statute of limitations has expired. To countenance that result would be to convert the dismissal itself into just one more opportunity to try again" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 521).
Contrary to the conclusion of my colleagues in the majority, "whether the prior action was dismissed with [or without] prejudice has no bearing on whether it was dismissed for neglect to prosecute" under CPLR 205(a) (Weisman, Celler, Spett & Modlin v Fischbach LLC, 111 AD3d 566, 567). A dismissal without prejudice allows a plaintiff to commence a new action; it does not exempt the new action from the statute of limitations.
For the foregoing reasons, the order of dismissal cannot be characterized as anything other than a dismissal for a neglect to prosecute. Given the plaintiff's repeated failure to comply with court orders, the majority's determination to, in effect, allow a do-over undermines the ability of trial courts to compel a final resolution of mortgage foreclosure actions like this one, which had been inexplicably unresolved over a protracted period of time.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:A plaintiff generally establishes its prima facie entitlement to an order of reference through the production of the mortgage, the unpaid note, and evidence of default thereunder (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 657; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). In a certificate of merit, the plaintiff's attorney must certify, inter alia, that she or he has reviewed the facts, and that, based upon consultation with the plaintiff and review of the documents, including the subject note and mortgage, that there is a "reasonable basis for the commencement of such action" and that the plaintiff is currently the creditor entitled to enforce rights under such documents (CPLR 3012-b[a]; see Admin Order of Chief Judge of Cts AO/208/13).