Wells Fargo Bank N.A. v Kehres (2021 NY Slip Op 06212)





Wells Fargo Bank N.A. v Kehres


2021 NY Slip Op 06212


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-03061
 (Index No. 621104/16)

[*1]Wells Fargo Bank National Association, etc., respondent, 
v
Sandra Kehres, etc., appellants, et al., defendants.


Mark E. Nadjar, P.C., Commack, NY, for appellants.
Eckert Seamans Cherin & Mellot, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Sandra Kehres and Gary Kehres, sued herein as John Doe #1, appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 7, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated December 12, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and denying those defendants' cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time barred, among other things, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On December 21, 2006, Sandra Kehres signed a note in the principal sum of $256,750, secured by a mortgage on real property located in Holbrook. Subsequently, the mortgage was assigned to the plaintiff. On February 11, 2009, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2009 action). Sandra Kehres defaulted in answering the complaint. Thereafter, the plaintiff moved for summary judgment on the complaint, and Sandra Kehres and Gary Kehres cross-moved pursuant to CPLR 3215(c) to dismiss the complaint based on the plaintiff's failure to move for a default judgment within one year of the default. In an order and judgment (one paper) dated October 12, 2016, upon finding that the plaintiff failed to provide a reasonable explanation for the delay, the Supreme Court denied the motion, granted the cross motion, and dismissed the complaint "as abandoned, without costs."
On November 16, 2016, the plaintiff commenced the instant action to foreclose the mortgage against, among others, Sandra Kehres and Gary Kehres (hereinafter together the defendants). The defendants answered the complaint, asserting as an affirmative defense, inter alia, that the action was barred by the statute of limitations. By notice of motion dated June 26, 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved [*2]pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time barred. In an order dated December 12, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated November 7, 2018, the Supreme Court, among other things, granted the plaintiff's motion and directed the sale of the subject property. The defendants appeal.
The Supreme Court properly denied the defendants' cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. A party who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Berger v Stolzenberg, 158 AD3d 738, 739; Murray v Charap, 150 AD3d 752, 753). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Berger v Stolzenberg, 158 AD3d at 739; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781). An action to foreclose a mortgage is generally subject to a six-year statute of limitations (see CPLR 213[4]).
Here, the defendants established, prima facie, that the mortgage debt was accelerated when the plaintiff commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). They further demonstrated that the instant action was commenced on November 16, 2016, more than six years later (see CPLR 213[4]).
However, in opposition to the defendants' prima facie showing and in support of its own motion for summary judgment, the plaintiff established that this action was timely commenced based upon the savings provision of CPLR 205(a). CPLR 205(a) states, in pertinent part, that "[i]f an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action, . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination. . . . Where a dismissal is one for neglect to prosecute the action, . . . the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation."
In the order and judgment dated October 12, 2016, the Supreme Court granted the defendants' cross motion pursuant to CPLR 3215(c) to dismiss the complaint in the 2009 action, and dismissed the complaint "as abandoned, without costs." The order and judgment did not "set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205[a]), but rather made the more limited finding that the plaintiff failed to provide a reasonable excuse for failing to seek a default judgment within one year of the default, such that the action was deemed abandoned pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660, 661; HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 1001; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 199).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court