Craig v Rutland Nursing Home (2022 NY Slip Op 01140)





Craig v Rutland Nursing Home


2022 NY Slip Op 01140


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-11381
 (Index No. 81263/98)

[*1]Reynaldo Craig, etc., et al., respondents,
v
Rutland Nursing Home, appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and a violation of Public Health Law § 2801-d, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 27, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging gross negligence and a violation of Public Health Law § 2801-d as time-barred.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Lilia Craig was a resident of the defendant, Rutland Nursing Home, for approximately 11 months in 1996 and 1997. In 1997, in the context of another action, Lilia asserted a negligence cause of action against the defendant, and her husband, Jose Craig, asserted a derivative cause of action. Lilia subsequently died, the administrator of her estate was substituted in her place, and the negligence and loss of consortium causes of action were severed from the other action and converted into this action. After Jose died, the administrator of his estate was substituted in his place as plaintiff.
In 2014, the defendant consented to the filing of an amended complaint, which, insofar as relevant to this appeal, asserted two additional causes of action: one predicated on gross negligence and the other on a violation of Public Health Law § 2801-d. After joining issue on the amended complaint, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the new causes of action as time-barred.
A defendant who moves to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 1000). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Here, although the defendant established, prima facie, that the causes of action [*2]alleging gross negligence and a violation of Public Health Law § 2801-d were time-barred under the applicable three-year statute of limitations (see Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1022), in opposition, the plaintiffs, the administrators of the estates of Lilia and Jose, raised a triable issue of fact as to the applicability of the relation-back doctrine (see CPLR 203[f]; Bennett v State Farm Fire & Cas. Co., 161 AD3d 926, 928; Leclaire v Fort Hudson Nursing Home, Inc, 52 AD3d 1101, 1102). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss those causes of action.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court