U.S. Bank Natl. Assn. v Fox (2023 NY Slip Op 00046)

U.S. Bank Natl. Assn. v Fox

2023 NY Slip Op 00046

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 850160/21 Appeal No. 16928 Case No. 2022-01325 

[*1]U.S. Bank National Association, Not in its Individual Capacity But Solely as Trustee for the RMAC Trust, Series 2016-CTT, Plaintiff-Appellant,
v
Cassandra Fox, Defendant-Respondent, JPMorgan Chase Bank, N.A., et al., Defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford (John E. Brigandi of counsel), for appellant.
R. David Marquez, P.C., Mineola (R. David Marquez of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 15, 2022, which granted defendant Cassandra Fox's motion for summary judgment dismissing the complaint as time-barred and for summary judgment on her counterclaim to cancel and discharge the mortgage and notice of pendency, reversed, on the law, without costs, and the motion denied.
The action was not time-barred, as it was brought within six months of the dismissal of the prior foreclosure action (see CPLR 205[a]).[FN1] While the prior action was dismissed due to plaintiff's unreadiness to go forward with the trial as scheduled on December 16, 2022 (see Onewest Bank, FSB v Fox, 191 AD3d 481 [1st Dept 2021]), the Onewest trial court, in dismissing the case, did not set forth on the record any additional instances of neglect by the plaintiff that could "demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205[a] [emphasis added]), as opposed to one particular lapse, namely, the lack of readiness on the trial date. The court's statement that the case had been "languishing since 2010" does not suffice, inasmuch as it fails to specify any "specific conduct . . . demonstrat[ing] a general pattern of delay" (CPLR 205[a] [emphasis added]). As this Court has recently held, a "general pattern of delay" must comprise more than one instance of dilatory conduct (see U.S. Bank N.A. v Kim, 192 AD3d 612, 613 [1st Dept 2021], appeal dismissed 37 NY3d 932 [2021] [the plaintiff was entitled to the benefit of CPLR 205(a) because the order dismissing its prior action pursuant to CPLR 3215(c), based on a failure to seek a default judgment within one year of the default, "did not include any findings of specific conduct demonstrating a general pattern of delay"]; see also HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 1001 [2d Dept 2020] [same]; U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1170-1171 [3d Dept 2019] [same]). In brief, a single data point does not a "general pattern" make.
The dissent misplaces its focus on whether the order dismissing the Onewest action — which cited as its basis 22 NYCRR 202.27(b), not CPLR 3216 — may nonetheless be deemed to have been a dismissal "for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise" within the meaning of CPLR 205(a) (emphasis added). Even if the Onewest action was dismissed for neglect, the concluding sentence of CPLR 205(a) (added by L 2008, ch 156, § 1) requires an on-the-record recitation of sufficient examples of neglect in prosecuting the action to "demonstrate a general pattern of delay in proceeding with the litigation." As one commentator observed in the year of the enactment of the relevant amendment to CPLR 205(a):
"The amendment limits the circumstances in which dismissal for neglect to prosecute will fall within the exception to the six-month recommencement benefit. The newly-added sentence imposes two preconditions to the application of the neglect-to-prosecute [*2]exception. First, the court in the previously dismissed action must have 'set forth on the record the specific conduct constituting the neglect'; and second, such conduct must 'demonstrate a general pattern of delay in proceeding with the litigation.'
"Thus, an action that was dismissed because of some type of neglect to prosecute does not lose the benefit of CPLR 205(a)'s six-month recommencement period unless such neglect consisted of 'a general pattern of delay in proceeding with the litigation' (emphasis added). If the prior dismissal was based on neglect of lesser magnitude, the plaintiff can take advantage of CPLR 205(a)'s recommencement benefit. Furthermore, the 'general pattern of delay' must have been 'set forth' in the record of the court in which the neglect-to-prosecute dismissal occurred" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 205, 2022 Pocket Part at 266).
Stated otherwise, to deprive plaintiff of the recommencement benefit of CPLR 205(a), it was not enough for the Onewest dismissal order to specify the particular instance of neglect on which the dismissal was based. Rather, the Onewest court was required to set forth on the record sufficient additional examples of neglectful "specific conduct" by plaintiff to "demonstrate a general pattern of delay." However, the only "specific conduct" the Onewest trial court described on the record in dismissing the case was plaintiff's unreadiness to go forward on the scheduled trial date. Neither the dissent nor defendant identifies any other "specific conduct" constituting neglect by plaintiff that was set forth on the record by the Onewest court. Accordingly, inasmuch as the Onewest record sets forth only one instance of "specific conduct [by plaintiff] constituting . . . neglect," which is not sufficient to "demonstrate a general pattern of delay in proceeding with the litigation," plaintiff was entitled to rely on CPLR 205(a) in commencing this action.
We have considered defendant's remaining arguments and find them unavailing.
All concur except Gesmer, J. who dissents in
a memorandum as follows:

GESMER, J. (Dissenting)
 

CPLR 205(a) acts as a tolling provision to permit filing of a new action after the expiration of the statute of limitations where a prior action was timely commenced and later terminated. However, the statute excludes from the savings clause cases that were dismissed for neglect to prosecute (id.). Because the order dismissing the prior action in this case "set forth on the record specific conduct constituting the [plaintiff's] neglect," and that conduct "demonstrat[ed] a general pattern of delay in proceeding with the litigation" (id.), I disagree with my colleagues that plaintiff may invoke the savings clause of CPLR 205(a). Accordingly, I respectfully dissent.
Contrary to the majority's conclusion, the prior action was not dismissed solely because plaintiff failed to proceed to trial on the date scheduled. [*3]Rather, the order noted that the case had been "languishing since 2010," and plaintiff was still not prepared to prove its prima facie case on the scheduled trial date on December 16, 2019. Furthermore, the order stated that, at the October 22, 2019 pretrial conference, plaintiff's counsel had advised the court that plaintiff would present one witness at trial, and the parties agreed to the December 16, 2019 trial date. On the trial date, however, plaintiff's counsel announced that, to prove its case, it would require an additional two witnesses who were not available that day. Based on plaintiff's neglect and lengthy pattern of delay, the court granted defendant's oral motion to dismiss. This Court affirmed the dismissal (Onewest Bank, FSB v Fox, 191 AD3d 481, 481 [1st Dept 2021]).
Plaintiff argues that, because the order dismissing the prior proceeding did not cite CPLR 3216 but rather cited 22 NYCRR 202.27(b), the prior action was not dismissed for failure to prosecute. However, "the fact that the prior action was expressly dismissed pursuant to 22 NYCRR 202.27(b) does not preclude a determination that the prior action was, in fact, dismissed. . . for neglect to prosecute" (Marrero v Crystal Nails, 114 AD3d 101, 110 [2d Dept 2013]).
Moreover, CPLR 205(a) was amended in 2008 to provide that, "[w]here a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise (emphasis added)," the court must specify the conduct constituting the neglect. Plainly, this amendment contemplates that a court might dismiss an action for failure to prosecute without citing to CPLR 3216, and that action could be excluded from the operation of the savings clause. Since the order dismissing the prior action set forth the specific course of conduct constituting plaintiff's failure to prosecute, I would find that plaintiff may not invoke the savings clause of CPLR 205(a) and is now precluded from commencing this action. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023

Footnotes

Footnote 1: CPLR 205(a) provides in pertinent part: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination . . . . Where a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay."