Crudele v Price (2023 NY Slip Op 03765)

Crudele v Price

2023 NY Slip Op 03765

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-01873
 (Index No. 608551/20)

[*1]Gerard J. Crudele, appellant, 
v
Jennifer C. Price, et al., respondents.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Bartlett LLP, Melville, NY (Sam Baharvar of counsel), for respondents Jennifer C. Price and Smithtown Fire Department.
McCabe & Mack, LLP, Poughkeepsie, NY (James E. Kimmel of counsel), for respondents Michael Caruso and Lorraine Caruso.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 1, 2021. The order granted those branches of the separate motions of the defendants Michael Caruso and Lorraine Caruso and the defendants Jennifer C. Price and Smithtown Fire Department which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred, and directed a hearing on those branches of the separate motions of the defendants Michael Caruso and Lorraine Caruso and the defendants Jennifer C. Price and Smithtown Fire Department which were pursuant to 22 NYCRR 130-1.1 for sanctions in the form of attorneys' fees and costs against the plaintiff's counsel.
ORDERED that the appeal from so much of the order as directed a hearing on those branches of the separate motions of the defendants Michael Caruso and Lorraine Caruso and the defendants Jennifer C. Price and Smithtown Fire Department which were pursuant to 22 NYCRR 130-1.1 for sanctions in the form of attorneys' fees and costs against the plaintiff's counsel is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Scopelliti v Town of New Castle, 92 NY2d 944; cf. Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and those branches of the separate motions of the defendants Michael Caruso and Lorraine Caruso and the defendants Jennifer C. Price and Smithtown Fire Department which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred are denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2015, the plaintiff allegedly was injured when an ambulance in which he [*2]was being transported collided with another vehicle. In January 2016, the plaintiff commenced an action to recover damages for personal injuries (hereinafter the prior action). On April 30, 2019, the plaintiff's counsel failed to appear for a scheduled conference, and the Supreme Court, on the record, directed dismissal of the action pursuant to 22 NYCRR 202.27, noting the plaintiff's default in appearing, and his delay in producing an effective authorization for certain relevant medical records. The court subsequently denied the plaintiff's motion to restore the prior action to the trial calendar, on the grounds that he did not provide a reasonable excuse for his default in appearing, and had engaged in a pattern of dilatory conduct with respect to discovery in the action.
In July 2020, the plaintiff commenced the instant action against the defendants, asserting the same causes of action that he asserted in the prior action. The defendants Michael Caruso and Lorraine Caruso (hereinafter together the Caruso defendants) and the defendants Jennifer C. Price and Smithtown Fire Department (hereinafter together the Smithtown defendants) separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint in the instant action insofar as asserted against each of them as time-barred. In an order dated March 1, 2021, the Supreme Court, among other things, granted those branches of the separate motions of the Caruso defendants and the Smithtown defendants, determining that the instant action was barred by the three-year statute of limitations for negligence claims, and that the sixth-month extension afforded by CPLR 205(a) was inapplicable to the instant action, because the prior action had been terminated based on neglect to prosecute.
It is undisputed that whether this case is time-barred turns on whether CPLR 205(a) applies to extend the statute of limitations. For a plaintiff's re-filed action to benefit from CPLR 205(a), "the prior action must be terminated for reasons other than its voluntary discontinuance, the failure to obtain personal jurisdiction over the defendant, neglect to prosecute, or a final judgment upon the merits" (Sokoloff v Schor, 176 AD3d 120, 127).
Contrary to the Supreme Court's conclusion, the complaint in the prior action was not dismissed for "neglect to prosecute" within the meaning of CPLR 205(a). "Where a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (id.; see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660, 661; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198; Marrero v Crystal Nails, 114 AD3d 101). Although the court set forth on the record that the plaintiff failed to appear for a single conference and failed to supply an effective authorization for certain relevant medical records, such conduct did not demonstrate a general pattern of delay in proceeding with the litigation (see Wells Fargo Bank N.A. v Kehres, 199 AD3d 869, 871; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d at 661; HSBC Bank USA, N.A. v Janvier, 187 AD3d 999; Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1074). The court's conclusory statements, to the effect that the plaintiff had engaged in a general pattern of delay, do not satisfy the statutory requirements that a court set forth on the record the "specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205[a] [emphasis added]).
Thus, contrary to the Supreme Court's determination, the six-month extension afforded by CPLR 205(a) was applicable, and the instant action was timely commenced within six months of the termination of the prior action. Accordingly, the court should have denied those branches of the separate motions of the Caruso defendants and the Smithtown defendants which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred.
The defendants' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court