Nuruzzaman v Deutsche Bank Natl. Trust Co. (2025 NY Slip Op 04913)

Nuruzzaman v Deutsche Bank Natl. Trust Co.

2025 NY Slip Op 04913

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07784
 (Index No. 709086/18)

[*1]Mohammad Nuruzzaman, et al., appellants,
v
Deutsche Bank National Trust Company, etc., respondent, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered August 10, 2022. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the complaint and granted the cross-motion of the defendant Deutsche Bank National Trust Company for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment on the complaint is granted, and the cross-motion of the defendant Deutsche Bank National Trust Company for summary judgment dismissing the complaint insofar as asserted against it is denied.
In October 2010, the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank) commenced an action against the plaintiffs, among others, to foreclose a mortgage encumbering certain residential property located in Queens (hereinafter the 2010 action). In an order dated October 25, 2017 (hereinafter the dismissal order), the Supreme Court directed dismissal of the complaint in the 2010 action based upon Deutsche Bank's failure to comply with the terms of a prior scheduling order. Thereafter, the court denied Deutsche Bank's motion to vacate the dismissal order, and Deutsche Bank appealed. The appeal was dismissed on October 13, 2020, for failure to perfect.
In June 2018, the plaintiffs commenced the instant action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, alleging that the statute of limitations had expired, thereby barring Deutsche Bank from commencing an action to foreclose the mortgage. In February 2021, the plaintiffs moved, among other things, for summary judgment on the complaint. In May 2021, Deutsche Bank cross-moved for summary judgment dismissing the complaint insofar as asserted against it.
On March 9, 2021, Deutsche Bank commenced a second action to foreclose the [*2]mortgage (hereinafter the 2021 action).
In an order entered August 10, 2022, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the complaint and granted Deutsche Bank's cross-motion. The plaintiffs appeal.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 930-931). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "'An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950, quoting Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
Here, the plaintiffs established, prima facie, that the mortgage debt was accelerated on October 22, 2010, when the Bank commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see id.; Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d 741, 744). Accordingly, the statute of limitations began to run in 2010, more than six years prior to the commencement of the 2021 action (see Citimortgage, Inc. v Goldstein, 230 AD3d 1219). Thus, the plaintiffs demonstrated, prima facie, that the statute of limitations had expired prior to the commencement of the 2021 action (see CPLR 213[4]; Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d at 931; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition, Deutsche Bank "failed to raise a triable issue of fact as to whether the statute of limitations was tolled, otherwise inapplicable, or whether it had actually commenced a new foreclosure action within the applicable limitations period" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 713). Initially, Deutsche Bank correctly contends that prior to the enactment of the Foreclosure Abuse Prevention Act (hereinafter FAPA) (see L 2022, ch 821 [eff Dec. 30, 2022]), the 2021 action was timely commenced pursuant to CPLR 205(a), as it was commenced on March 9, 2021, within six months of October 13, 2020, the date that the 2010 action was terminated by this Court's dismissal of Deutsche Bank's appeal (see Malay v City of Syracuse, 25 NY3d 323, 326-327; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660, 661). However, FAPA, which was enacted while this appeal was pending, replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; Pryce v U.S. Bank, N.A., 226 AD3d at 713). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant . . . , for failure to comply with any court scheduling orders . . . , or upon a final judgment upon the merits, the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period" (emphasis added).
Here, it is undisputed that the Supreme Court directed dismissal of the complaint in the 2010 action based upon Deutsche Bank's failure to comply with the terms of a scheduling order. Accordingly, under FAPA, Deutsche Bank is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see Pryce v U.S. Bank, N.A., 226 AD3d at 713).
Deutsche Bank's contentions challenging FAPA's retroactive application and [*3]constitutionality under the United States and New York Constitutions are without merit (see Deutsche Bank Natl. trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, we grant that branch of the plaintiffs' motion which was for summary judgment on the complaint, and deny Deutsche Bank's cross-motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court