U.S. Bank N.A. v Fox (2023 NY Slip Op 02399)

U.S. Bank N.A. v Fox

2023 NY Slip Op 02399

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 850160/21 Appeal No. 16928 Case No. 2022-01325 

[*1]U.S. Bank National Association etc., Plaintiff-Appellant,
v
Cassandra Fox, Defendant-Respondent, JPMorgan Chase Bank, N.A., et al., Defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford (John E. Brigandi of counsel), for appellant.
R. David Marquez, P.C., Mineola (R. David Marquez of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 15, 2022, which granted defendant Cassandra Fox's motion t0 dismiss the complaint as time-barred and for summary judgment on her counterclaim to cancel and discharge the mortgage and notice of pendency, unanimously affirmed, without costs.
On December 29, 2010, plaintiff's predecessor, OneWest Bank, F.S.B., commenced an action to foreclose the mortgage. By order dated December 17, 2019, Supreme Court dismissed the action "for failure of [OneWest Bank, F.S.B.] . . . to litigate its case at trial as scheduled for December 16, 2019." This Court affirmed, holding that the motion court providently exercised its discretion under 22 NYCRR 202.27(b) (see OneWest Bank, FSB v Fox, 191 AD3d 481 [1st Dept 2021]).
Plaintiff commenced this new foreclosure action on June 9, 2021. Defendant moved to dismiss the complaint as time-barred and for summary judgment on defendant's counterclaim to discharge the mortgage lien against the property. By order dated February 15, 2022, the court granted defendant's motion, dismissed the complaint and discharged the mortgage and lis pendens.
Plaintiff appealed to this Court. After submission of briefs and oral argument, but before this Court had issued an order on the appeal, the Legislature enacted the Foreclosure Abuse Prevention Act (FAPA) on December 30, 2022. The parties were permitted to brief the effect of FAPA on this case.
FAPA provides that it "shall take effect immediately and shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (2022 McKinney's Sess Law News of NY, ch 821, § 10). Accordingly, it applies to this foreclosure action.
FAPA amends CPLR 205 to provide that it no longer applies to mortgage foreclosure actions (CPLR 205[c]), and creates a new statute, CPLR 205-a. Like CPLR 205, CPLR 205-a contains a "savings clause" provision that permits plaintiff in a mortgage foreclosure action that has been terminated to commence a new action within six months. However, CPLR 205-a provides that, in order for a plaintiff to take advantage of this clause, the earlier action must not have been dismissed "for any form of neglect" or "for violation of any court rules." Unlike CPLR 205, where the earlier termination is for neglect, CPLR 205-a bars a party from invoking the savings clause even if the court failed to "set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay" (CPLR 205). In addition, CPLR 205-a provides that "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff," and that the original plaintiff may only receive one [*2]six-month extension (CPLR 205-a[a][1], [2]).
Here, the motion court noted that the earlier action was dismissed based on plaintiff's failure to appear ready for trial and that the case had been "languishing since 2010." This Court, in affirming the dismissal of the earlier action, cited 22 NYCRR 202.27. Accordingly, the earlier action was dismissed for neglect and "violation of [a] court rule[]" (CPLR 205-a[a]). Furthermore, plaintiff in this action is concededly not the original plaintiff and is not acting on behalf of the original plaintiff. Accordingly, plaintiff is statutorily barred from commencing this action.
We have considered the parties' remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on
January 5, 2023 is hereby recalled and vacated
(see M-775 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023