23-546-cv
*Windward Bora LLC v. Sotomayor*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

---

AUGUST TERM 2023
No. 23-546-cv

**WINDWARD BORA LLC,**
*Plaintiff-Counter-Defendant-Appellee,*

v.

**JOHN SOTOMAYOR, ALEXANDRIA LOAIZA,**
*Defendants-Counter-Claimants-Appellants,*

and

AMERICAN EXPRESS CENTURION BANK, MIDLAND FUNDING LLC, DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE, LLC, CAPITAL ONE BANK (USA), N.A., JOHN DOE, JANE DOE,
*Defendants.*

---

On Appeal from the United States District Court for the Southern District of New York

---

ARGUED: JANUARY 9, 2024
DECIDED: AUGUST 28, 2024

Before:    STEVEN J. MENASHI, SARAH A. L. MERRIAM, *Circuit Judges*, and STEPHEN A. VADEN, *Judge*.<sup>*</sup>

This diversity action is the third attempt to foreclose on the Appellants' property.    Partners for Payment Relief DE II, LLC ("Partners for Payment"), the predecessor-in-interest to Plaintiff Windward Bora LLC ("Windward Bora"), brought an action in 2013 that was voluntarily discontinued.   Windward Bora then brought an action in 2019, but the District Court dismissed it for failure to satisfy statutory notice requirements.   Windward Bora brought this third action outside the statute of limitations period but maintains that the action is permitted under a savings provision in New York state law, which provides that, if a foreclosure action is timely commenced and terminated for any reason other than a judgment on the merits or other enumerated exceptions, the "original plaintiff" may bring the action again within six months even if the statute of limitations has expired.   N.Y. C.P.L.R. § 205-a(a).

Summary judgment was properly granted to Windward Bora because Windward Bora is the "original plaintiff" for purposes of the savings provision — that is, the same plaintiff as in the timely 2019 Action.   Windward Bora may therefore relate the Present Action back to its timely commencement of the 2019 Action.   The Appellants forfeited their second argument that the 2019 Action cannot trigger the savings statute because it was dismissed for violation of a "court rule."

Accordingly, we **AFFIRM**.

---

* Judge Stephen Alexander Vaden of the United States Court of International Trade, sitting by designation.

2

STEVEN AMSHEN, Petroff Amshen LLP, Brooklyn, N.Y. (James Tierney *on the brief*), *for Defendants-Counter-Claimants-Appellants*.

RAFI HASBANI, Hasbani & Light, P.C., New York, N.Y., *for Plaintiff-Counter-Defendant-Appellee*.

VADEN, *Judge*:

John Sotomayor and Alexandria Loaiza ("Appellants") appeal from the judgment of the U.S. District Court for the Southern District of New York (Seibel, J.) granting Plaintiff Windward Bora LLC's ("Windward Bora") Motion for Summary Judgment. On appeal, they maintain that Windward Bora's current foreclosure action (the "Present Action") is barred by the statute of limitations and that the Present Action cannot use the savings provision under New York Civil Practice Law and Rules § 205-a to relate back to its timely prior action (the "2019 Action").

This is the third attempt to foreclose on Appellants' property. Windward Bora's predecessor-in-interest, Partners for Payment Relief DE II, LLC ("Partners for Payment"), brought the first foreclosure action in 2013 (the "2013 Action"), which it voluntarily discontinued in 2018. *See* N.Y. C.P.L.R. § 3217. Windward Bora then acquired the subject note and mortgage and brought another foreclosure action — the 2019 Action — which the District Court dismissed after an oral Motion for Summary Judgment based on Windward Bora's failure to provide foreclosure notices required under New York law. Windward Bora then brought the Present Action. Windward Bora does not dispute that the Present Action was brought outside the statute of limitations period, but it maintains that the Present Action is permitted under a savings provision in C.P.L.R. § 205-a(a).

3

We agree with the District Court that Windward Bora may apply the savings provision to the Present Action. We hold that Windward Bora is the "original plaintiff" for purposes of C.P.L.R. § 205-a(a) and that Appellants forfeited their argument that the 2019 Action terminated for violation of a "court rule." Accordingly, we **AFFIRM**.

## BACKGROUND

### I

In 2007, Appellants executed a note and mortgage with Wells Fargo to secure a residential loan. Wells Fargo assigned the note to Partners for Payment in 2010.

On December 31, 2013, Partners for Payment brought the 2013 Action based on a default by Appellants in December 2008. In the 2013 Action, Partners for Payment chose to accelerate the loan, which started a six-year statute of limitations period under C.P.L.R. § 213. *See* N.Y. C.P.L.R. § 213(4). On March 2, 2018, Partners for Payment voluntarily discontinued the 2013 Action. Windward Bora acquired ownership and possession of the note and mortgage on August 15, 2018.

### II

Windward Bora timely commenced the 2019 Action on May 16, 2019. But on April 15, 2021, Windward Bora told the District Court that it would not be able to prove at trial that it had provided the Appellants with the statutorily required notices under N.Y. R.P.A.P.L. §§ 1303 and 1320. *See Windward Bora, LLC v. Sotomayor*, No. 21-CV-7161 (CS), 2023 U.S. Dist. LEXIS 46850, at *1, *2–3 (S.D.N.Y. Mar. 20, 2023) (citing N.Y. R.P.A.P.L. §§ 1303, 1320).[1] Judge Seibel

---

[1] R.P.A.P.L. § 1303 requires the foreclosing party to deliver a notice entitled "Help for Homeowners in Foreclosure," which advises that failure to

allowed Appellants to make an oral Motion for Summary Judgment "on the grounds that the undisputed facts demonstrated that Plaintiff had not provided those notices" and granted the Motion on that basis. *Id.* at *20. This dismissal occurred after the six-year statute of limitations had expired.

On August 24, 2021, less than six months after the District Court dismissed the 2019 Action, Windward Bora filed the Present Action based on diversity jurisdiction. Appellants asserted various affirmative defenses in their Answer — including that the statute of limitations had expired and res judicata applied — and brought a counterclaim to quiet title under R.P.A.P.L. § 1501(4).

Windward Bora moved for summary judgment; Appellants opposed the Motion and cross-moved for summary judgment. Appellants argued that this action is time barred because Windward Bora filed it more than six years after the loan was accelerated. *Id.* at *14–15 (citing *EMC Mortg. Corp. v. Patella*, 720 N.Y.S.2d 161, 162 (App. Div. 2001) ("[O]nce an installment loan is accelerated, the entire amount comes due, and the statute of limitations begins to run on the full amount.")). Windward Bora countered that its suit was timely because it satisfied the savings provision of C.P.L.R. § 205(a), which at that time applied to foreclosure actions. *Id.* at *16–18; *see* N.Y. C.P.L.R. § 205(a) (McKinney 2008) (amended 2022).

---

respond to the summons and complaint could result in the recipients' losing their home, identifies sources of assistance, and warns about foreclosure rescue scams. N.Y. R.P.A.P.L. § 1303. R.P.A.P.L. § 1320 states that "the summons shall contain" a notice telling the recipients that they risk a default judgment "[i]f [they] do not respond to this summons and complaint." N.Y. R.P.A.P.L. § 1320.

## III

While the Present Action was pending before the District Court, New York enacted the Foreclosure Abuse and Prevention Act ("FAPA"), 2022 N.Y. Sess. Laws Ch. 821 (McKinney). *See Windward Bora*, 2023 U.S. Dist. LEXIS 46850, at *16. It implements a new, more restrictive savings provision for certain foreclosure actions. *Compare* N.Y. C.P.L.R. § 205(a) (McKinney 2019) (amended 2022) (excluding application of the savings provision for actions terminated for neglect to prosecute where there is "a general pattern of delay in proceeding with the litigation"), *with* N.Y. C.P.L.R. § 205-a(a) (excluding application of the savings provision for actions terminated for "any form of neglect" and listing examples). FAPA created C.P.L.R. § 205-a, which effectively provides for one do-over when an otherwise timely action is dismissed for a technical defect. *See* N.Y. C.P.L.R. § 205-a(a). Neither party has challenged the retroactive application of FAPA's savings provision in this case.[2]

---

[2] In any case, we believe the result would be the same under either the old C.P.L.R. § 205(a) or the new C.P.L.R. § 205-a(a) created by FAPA. The old C.P.L.R. § 205(a) referred simply to the "plaintiff" in the "timely commenced … prior action," while the new C.P.L.R. § 205-a(a) refers to the "original plaintiff." *Compare* N.Y. C.P.L.R. § 205(a) (McKinney 2019) (amended 2022), *with* N.Y. C.P.L.R. § 205-a(a). In our view, the New York Legislature added the word "original" to make explicit that the new action generally must be brought by the same person or entity who brought the timely prior action. Under C.P.L.R. § 205-a(a)(1), assignees and successors-in-interest "shall not be permitted to commence the new action" unless they "plead[] and prov[e]" that they are "acting on behalf of the original plaintiff" in the timely prior action. N.Y. C.P.L.R. § 205-a(a)(1). But, as explained below, the "original plaintiff" is still the plaintiff in the timely prior action to which the plaintiff in the new action seeks relation back, regardless of whether that prior action was the one that started the statute of limitations period. Because Windward Bora is the plaintiff in both the Present Action and the 2019 Action, the Present Action is permitted under C.P.L.R. § 205-a(a).

The District Court allowed the parties to submit supplemental briefs to address FAPA's impact on the pending motions. The parties and the District Court employed pre-FAPA cases applying C.P.L.R. § 205(a) in their analyses. *See Windward Bora*, 2023 U.S. Dist. LEXIS 46850, at *17–19, *17 n.11 ("Like § 205-a, § 205(a) acts as a 'savings statute,' generally providing that a timely commenced action dismissed without prejudice can be refiled by 'the plaintiff' within six months of dismissal, even if the statute of limitations has expired."). In their supplemental letter brief, Appellants argued that Windward Bora could not avail itself of the savings provision of C.P.L.R. § 205-a because the District Court had dismissed the 2019 Action on the merits, and Windward Bora is a successor-in-interest to Partners for Payment, rather than an "original plaintiff" as required by the statute. *See id.* at *22–23. Appellants did not raise any arguments regarding the other enumerated exceptions to the savings provision such as lack of personal jurisdiction or violation of a court rule.

The District Court granted Windward Bora's Motion for Summary Judgment and denied Defendants' Cross-Motion. It held that Windward Bora could apply the savings provision because: (1) the "prior grant of summary judgment to Defendants in the 2019 Action" was "not a finding on the merits that would prevent application of CPLR § 205-a"; and (2) "[t]he 'original plaintiff' here is Windward [Bora] – the party that brought the 2019 Action …. CPLR § 205-a is not being applied to the 2013 action brought by [Partners for Payment], but to the 2019 Action brought by [the] Plaintiff." *Id.* Defendants timely appealed to this Court.

## DISCUSSION

### I

Appellants argue that the savings provision is inapplicable for two reasons: (1) Partners for Payment, not Windward Bora, is the "original plaintiff" for purposes of the statute; and (2) the 2019 Action

terminated under an exception listed in C.P.L.R. § 205-a. [3]   *See* Appellants' Br. at 11, 16.

We review the District Court's grant of summary judgment *de novo* and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *see also Kasiotis v. N.Y. Black Car Operators' Inj. Comp. Fund, Inc.*, 90 F.4th 95, 98 (2d Cir. 2024).   "The interpretation of a statute is a question of law, which we review de novo."   *United States v. Bedi*, 15 F.4th 222, 225–26 (2d Cir. 2021).

Here, subject-matter jurisdiction is based on diversity, and we are deciding questions of state law.   Therefore, "we must 'predict how [New York's] highest court would resolve'" these issues. *Kasiotis*, 90 F.4th at 99 (quoting *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009)).   The New York Court of Appeals holds that the "primary consideration" in statutory interpretation is "to ascertain and give effect to" the legislature's intent.   *Id.* (quoting *Kuzmich v. 50 Murray St. Acquisition LLC*, 34 N.Y.3d 84, 91 (2019)). Because a statute's text is the "clearest indicator" of legislative intent, "courts should construe unambiguous language to give effect to its plain meaning."   *Id.* (quoting *Avella v. City of New York*, 29 N.Y.3d 425, 434 (2017)); *see also Artis v. D.C.*, 583 U.S. 71, 83 (2018) ("In determining the meaning of a statutory provision, we look first to its language, giving the words used their ordinary meaning." (citation and quotation marks omitted)).

---

[3] Appellants argue in their opening brief that failing to comply with statutory notice requirements in the 2019 Action "violat[ed] a court rule." Appellants' Br. at 17.   In their reply brief, they recharacterize this argument as a "violat[ion of] a court rule, [which] ultimately resulted in a failure to obtain personal jurisdiction over Defendants[.]"   Appellants' Reply Br. at 5.

8

**A**

The first issue is whether Windward Bora is the "original plaintiff" and therefore able to avail itself of the savings provision found in C.P.L.R. § 205-a(a). Appellants argue that the term "original plaintiff" in the statute refers to the plaintiff whose action caused the statute of limitations to commence running — here, Partners for Payment, not Windward Bora. Appellants' Br. at 11.

We start with the statute's text. C.P.L.R. § 205-a(a) states:

> If **an action** … is timely commenced and is terminated in a manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect . . . for **violation of any court rules** or individual part rules, for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, or upon a final judgment upon the merits, **the original plaintiff**, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period.

N.Y. C.P.L.R. § 205-a(a) (emphases added).

We note that C.P.L.R. § 205-a does not limit "an action" to the very first action that causes the statute of limitations to run. Instead, the savings provision applies to a "prior action" that was (1) timely commenced and (2) terminated for a reason other than the listed exceptions. *Id.* If the prior action satisfies both criteria, then the same plaintiff from that "prior action" may bring a new action within six months of the prior suit's termination. *Id.*; *cf. Ace Sec. Corp. v. DB Structured Prod., Inc.*, 38 N.Y.3d 643, 651 (2022) ("'The effect of [C.P.L.R. § 205(a)] is quite simple: if a timely brought action has been terminated for any reason other than one … specified in the statute, the plaintiff may commence another action based on the same transactions or occurrences within six months of the dismissal of the first action' and obtain the benefit of the prior timely filing for statute of limitations purposes.") (quoting *George v. Mt. Sinai Hosp.*, 47 N.Y.2d 170, 175 (1979)).

Thus, when a plaintiff's timely prior claim is dismissed outside the limitations period for any reason other than those enumerated in C.P.L.R. § 205-a, that same plaintiff may use the savings provision to file one more action; and that new action effectively inherits the timely commencement date of the prior action. *See* N.Y. C.P.L.R. § 205-a(a); *cf. U.S. Bank N.A. v. Fox*, 188 N.Y.S.3d 52, 53 (App. Div. 2023) ("Like CPLR 205, CPLR 205-a contains a 'savings clause' provision that permits [a] plaintiff in a mortgage foreclosure action that has been terminated to commence a new action within six months.").

Appellants maintain that the "original plaintiff" in C.P.L.R. § 205-a is the plaintiff in the action that triggered the commencement of the limitations period. Although it may often be true in practice that the "prior action" was also the action that began the limitations period, *see, e.g.*, *Fox*, N.Y.2d at 52–53, there is no basis to read an additional *requirement* to that effect into the statute. The statutory text answers the question of which "action" is relevant for purposes of the savings provision: It is the "prior action" to which the instant

suit seeks to relate back. N.Y. C.P.L.R. § 205-a(a) ("If **an action** … is timely commenced and is terminated in any manner other than [an enumerated exception], the original plaintiff … may commence a **new action** …, provided that the new action would have been timely commenced … at the … commencement of the **prior action** …." (emphases added)). It is the "prior action" we examine to determine whether the earlier lawsuit terminated for an acceptable reason and who the "original plaintiff" is.

This interpretation accords with common sense. It is only after the limitations period has run that the savings provision comes into play. *See id.* (stating that the savings provision applies within six months of the prior action's termination "provided that the new action would have been timely commenced within the applicable limitations period … at the time of the commencement of the prior action …."). And the savings provision is concerned only with the "prior action" that was timely filed to which the otherwise untimely new action seeks to relate. *Id.* The 2013 Action is relevant for purposes of C.P.L.R. § 205-a only as the event that started the running of the limitations period. *See* N.Y. C.P.L.R. § 213(4). But to determine who is the "original plaintiff," the Court looks to the plaintiff in the immediately "prior action" that terminated outside of the statute of limitations — in this case, the 2019 Action.

We therefore hold that, to determine whether the new savings provision applies, a court must apply the three-part test of C.P.L.R. § 205-a to the immediately prior action that terminated outside the statute of limitations. If that immediately prior action (1) was timely filed, (2) was filed by the same plaintiff as the plaintiff in the present action,[4] and (3) terminated for a reason not listed in the statute, the plaintiff may invoke the savings provision to gain one final chance to pursue the foreclosure action. *Cf. Ray v. Ray*, 22 F.4th 69, 73–74 (2d

---

[4] This includes a plaintiff's executor or administrator should the plaintiff die. *See* N.Y. C.P.L.R. § 205-a(a).

11

Cir. 2021) ("[B]oth federal and New York courts have consistently described section 205(a) as authorizing a 'second' opportunity to file a claim after a 'first' or 'initial' claim is dismissed on a non-merits final judgment.").

Although C.P.L.R. § 205-a is a new provision of law that has not yet been definitively interpreted by the New York Court of Appeals, we find support for our conclusion in New York state court decisions applying C.P.L.R. § 205(a), the predecessor to C.P.L.R. § 205-a(a). The analysis of *Deutsche Bank National Trust Co. v. Baquero* is instructive because it involved three foreclosure actions. *See* 143 N.Y.S.3d 400, 401 (App. Div. 2021). In *Deutsche Bank*, the plaintiff commenced an action in 2007 and voluntarily discontinued it in August 2010. *Id.* In June 2010, the plaintiff commenced a second action, and the New York Supreme Court dismissed the 2010 action without prejudice in April 2017. *Id.* The plaintiff commenced a third action in September 2017. *Id.*

In moving for summary judgment, the defendant in *Deutsche Bank* established that the plaintiff accelerated the mortgage debt with the 2010 action and brought the 2017 action more than six years later. *Id.* But as the trial court noted, "Since the second action was commenced within the 6-year period of limitation as measured from the acceleration of the loan in 2010, and since the present action was commenced … within six months after the … dismissal of the second action … the present action is … afforded the benefit of CPLR 205(a)." *Deutsche Bank Nat'l Tr. Co. v. Baquero*, No. 713058/17, 2018 N.Y. Misc. LEXIS 11370, at *14 (Sup. Ct., Queens Cnty. July 31, 2018). The Appellate Division affirmed, finding it irrelevant that the 2017 action was the third foreclosure attempt. *See Deutsche Bank*, 143 N.Y.S.3d at 401. Nor was it relevant that the plaintiff had voluntarily discontinued the 2007 action. *Cf.* N.Y. C.P.L.R. § 205(a) (McKinney 2019) (amended 2022) (listing "voluntary discontinuance" as an exception that prevents application of the savings provision). Instead, the C.P.L.R. § 205(a) analysis in both the majority and

12

dissenting opinions turned on whether the immediately prior second action terminated for neglect to prosecute. *See Deutsche Bank*, 143 N.Y.S.3d at 401; *id.* at 402–05 (Barros, J., dissenting).

*Deutsche Bank* is analogous to this case even though the same plaintiff brought all three actions at issue. Here, Partners for Payment's 2013 Action caused the statute of limitations to run, but Windward Bora brought the Prior Action in 2019. The *Deutsche Bank* court focused on the timing and termination circumstances in the second of the three actions because that was the action that the plaintiff sought to relate back to in its third action. *See id.* at 401 ("The defendant … demonstrated that this action was commenced … more than six years [after acceleration] …. Contrary to the defendant's contention and the finding of our dissenting colleague, the 2010 action was not dismissed for neglect to prosecute, a category of dismissal that renders CPLR 205(a) inapplicable."). The amended statute — which directs us to consider the "original plaintiff" in the "prior action" — gives us no reason to depart from this holding. N.Y. C.P.L.R. § 205-a(a) ("[T]he original plaintiff … may commence a new action … within six months following the termination [of an action], provided that the new action would have been timely commenced … at the time of the commencement of the prior action ….").

Appellants respond that, even if Windward Bora is the "original plaintiff," the remedial purpose of the savings provision should prevent "repeated bites at the apple and frustrating the statute of limitations entirely." Appellants' Br. at 9. That is not what has occurred here. The statute of limitations has expired. The savings provision permits *one* final attempt to foreclose on the house within six months of the termination of the prior action. *See* N.Y. C.P.L.R. § 205-a(a)(2) ("[I]n no event shall the original plaintiff receive more than one six-month extension."). Windward Bora availed itself of that opportunity. Had it not done so, Appellants would have been literally home free.

The plain text of the statute confirms the District Court's determination that Windward Bora is the "original plaintiff" entitled to invoke the savings provision to pursue its foreclosure action against Appellants. Appellants' arguments to the contrary fail. We decline to place a limitation in the statute's text the New York Legislature did not author. *See Diegelman v. City of Buffalo*, 28 N.Y.3d 231, 233 (2016) ("We may not create a limitation that the Legislature did not enact.") (quoting *Theroux v. Reilly*, 1 N.Y.3d 232, 237 (2003)).

**B**

Having failed to demonstrate that Windward Bora is not entitled to benefit from the savings provision as the original plaintiff, Appellants alternatively argue that Windward Bora cannot use the savings provision because the 2019 Action terminated under a statutorily enumerated exception: violation of a "court rule." The Court need not consider this new argument because Appellants failed to raise it in District Court.

During the pendency of this action in the District Court, Judge Seibel gave all parties an opportunity to submit supplemental briefs on the impact of the new savings provision. Appellants argued that Windward Bora could not use the savings provision because (1) Windward Bora "is not the 'original plaintiff' entitled to avail itself of the savings [provision]" and (2) "the award of summary judgment in the 2019 Action acted as a final judgment on the merits, thereby precluding application of the savings [provision] …." App'x at 405. The District Court rejected both arguments. *Windward Bora*, 2023 U.S. Dist. LEXIS 46850, at *22. Although Appellants continue to press their "original plaintiff" argument on appeal, they have not

14

challenged the District Court's holding that the 2019 Action did not terminate because of a final judgment on the merits.[5]

However, Appellants have raised an entirely new argument. They now argue that the savings provision is inapplicable because termination of the 2019 Action for failure to comply with the statutory notice provisions constitutes a termination for "violation" of "court rules." Appellants' Br. at 17. In their reply brief, Appellants shift their theory yet again, arguing that "failure to comply with the notice requirements … violated a court rule and ultimately resulted in a failure to obtain personal jurisdiction over Defendants, which … precludes application of CPLR § 205-a." Appellants' Reply at 4–5. We decline to consider either version of this argument because Appellants did not raise it before the District Court. *See, e.g.*, *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) ("[I]ssues not sufficiently argued are in general deemed waived and will not be considered on appeal." (quoting *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996))).[6]

---

[5] This argument is foreclosed by New York precedent. The New York Court of Appeals has explained that "failure to comply with a procedural condition precedent may be a fatal flaw to maintaining the prior action and grounds for dismissal but is not a judgment on the merits for purposes of CPLR 205(a)." *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*, 33 N.Y.3d 72, 80 (2019). The Court of Appeals in *U.S. Bank* was applying C.P.L.R. § 205(a), not C.P.L.R. § 205-a(a), but we agree with the District Court that Appellants "have provided no persuasive reason … why [we] should interpret § 205-a differently than § 205(a) in this context." *Windward Bora*, 2023 U.S. Dist. LEXIS 46850, at *21–22.

[6] The second version of the argument — that a dismissal for violating statutory notice requirements constitutes a dismissal for lack of personal jurisdiction — is also improper because it was raised for the first time in Appellants' reply brief. *See, e.g.*, *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) ("We need not consider this argument because it is raised for the first time in his reply brief."); *McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief, but only in [a] reply brief, are not properly before an appellate court …."). Moreover,

"Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, 'the circumstances normally do not militate in favor of an exercise of discretion to address … new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below.'" *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)). Mindful of our role as a court sitting in diversity, we find that Appellants have forfeited both versions of this argument and decline to address them in the first instance.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

---

Appellants waived any objection to personal jurisdiction in the 2019 Action by appearing in the action without timely asserting a personal jurisdiction defense. *See Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 117 (2d Cir. 2023) ("In general, an appearing defendant that fails to timely assert [lack of personal jurisdiction] in its initial motion or pleading waives or forfeits the right to raise it in later stages of litigation ….") (citing *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008)) (footnote omitted).

16