24-2837-cv
*Abira Medical Laboratories, LLC v. Cigna Health & Life Insurance Company*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

ABIRA MEDICAL LABORATORIES, LLC,
DOING BUSINESS AS GENESIS
DIAGNOSTICS,

*Plaintiff-Appellant,*

v.                                                          24-2837-cv

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

*Defendant-Appellee,*

ABC COMPANIES, 1-10, JOHN DOES, 1-100,

*Defendants.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | JEREMY M. DOBERMAN (Paul L. Fraulo, *on the brief*), Bochner PLLC, New York, NY |
| For Defendant-Appellee: | PATRICK W. BEGOS (Scott T. Garosshen, *on the brief*), Robinson & Cole LLP, Stamford, CT |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Abira Medical Laboratories, LLC, doing business as Genesis Diagnostics ("Genesis"), appeals from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *District Judge*), entered on September 30, 2024, dismissing its claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Genesis brought this suit alleging that Defendant-Appellee Cigna Health and Life Insurance Company ("Cigna") and other unnamed Defendants failed to pay for services Genesis provided to patients Cigna insured. Genesis's amended complaint asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent and negligent misrepresentation, equitable and promissory estoppel, unjust enrichment, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), the Connecticut Unfair Insurance Practices Act ("CUIPA"), the Families First Coronavirus Response Act ("FFCRA"), the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, and section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In response to Cigna's motion to dismiss, Genesis withdrew its fraudulent and negligent misrepresentation claims, and it concedes that our recent decision in *Murphy Medical Associates, LLC v. Yale University*, 120 F.4th 1107 (2d Cir. 2024),[1] precludes its FFCRA and CARES Act claims. Accordingly, Genesis's appeal challenges only the

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

dismissal of its ERISA and remaining state law claims, as well as the district court's denial of its request for leave to amend its complaint. We assume the parties' familiarity with the case.

## I.     Dismissal Ruling

"We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016). We discern no error here in the district court's dismissal of Genesis's claims.

First, Genesis has failed to state a claim for breach of contract. Under Connecticut law, "[t]he elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *AGW Sono Partners, LLC v. Downtown Soho, LLC*, 343 Conn. 309, 322 (2022). Here, Genesis fails to allege that it formed an agreement, express or implied, with any of the Defendants. Genesis argues that it has alleged the formation of an express contract by pleading, in its ERISA count, that Cigna's insureds assigned to Genesis their rights to sue Cigna for payment. But Genesis did not raise this theory of contract formation before the district court, so we decline to consider it for the first time on appeal. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021). Nor has Genesis alleged the formation of an implied contract "inferred from the conduct of the parties," *Conn. Light & Power Co. v. Proctor*, 324 Conn. 245, 259 (2016). The factual allegations in the amended complaint do not support Genesis's contention that an agreement may be inferred from Cigna's conduct between 2017 and 2021. To the contrary, Genesis alleged that, during that period, the Defendants "blatantly disregarded . . . [their] express payment obligations," "engaged in a years-long campaign designed to deprive [Genesis] of millions of dollars it is rightfully owed for services [it] rendered to Defendants' subscribers/members," and "repeatedly either failed to respond at all to properly submitted claims or manufactured from whole cloth some other bases to

3

improperly refuse to make payment." Joint App'x at 420 ¶¶ 13–14. These allegations are wholly inconsistent with the formation of an agreement.

Genesis's failure to allege contract formation also defeats its claims for violations of CUTPA, CUIPA, and the implied covenant of good faith and fair dealing. Genesis does not dispute that, under Connecticut law, a plaintiff seeking to proceed with such claims must allege the existence of a contractual relationship. *See Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 308 Conn. 760, 795 (2013); *Zulick v. Patrons Mut. Ins. Co.*, 287 Conn. 367, 378 (2008). Instead, in challenging the dismissal of these claims, Genesis merely retreads its argument that the district court erred in dismissing its breach of contract claim. Thus, given our conclusion as to Genesis's breach of contract claim, we likewise affirm dismissal of its claims for violations of CUTPA, CUIPA, and the implied covenant of good faith and fair dealing.

For similar reasons, the district court properly dismissed Genesis's claim for promissory estoppel.[2] "A fundamental element of promissory estoppel . . . is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." *Stewart v. Cendant Mobility Servs. Corp.*, 267 Conn. 96, 104 (2003). Here, Genesis contends that it "relied on [Cigna's] representations and course of dealings, which spanned from at least 2017 to 2021, in order to continue with rendering testing services to the tune of millions of dollars for those services." Appellant Br. at 23. But, as discussed, Genesis specifically alleged that, from 2017 to 2021, Cigna "blatantly disregarded" and "repeatedly" failed to fulfill its payment obligations. Joint App'x at 420 ¶¶ 13–14. This course of conduct does not form the basis for a clear and definite promise. Nor does Genesis offer authority for its argument that Cigna's purported failure to state

---

[2] Because Genesis does not challenge the district court's dismissal of its equitable estoppel claim, we consider that claim abandoned. *See Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 92 n.10 (2d Cir. 2024).

4

that it would not pay invoices can constitute such a promise. Genesis has therefore failed to state a claim for promissory estoppel under Connecticut law.

Genesis's claim for unjust enrichment fails as well.[3] "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Horner v. Bagnell*, 324 Conn. 695, 708 (2017). Although the amended complaint asserts that Cigna benefited indirectly from services provided to its insureds, Genesis fails to cite any authority recognizing such a theory of unjust enrichment under Connecticut law. Moreover, "[i]n the health insurance context, courts have repeatedly held that providers cannot bring unjust enrichment claims against insurance companies based on the services rendered to the insureds." *Abira Med. Laboratories, LLC v. Aetna, Inc.*, No. 3:24-CV-931 (SVN), 2025 WL 448443, at *11 (D. Conn. Feb. 10, 2025) (collecting cases); *see also Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128, at *3–4 (2d Cir. Sept. 27, 2024) (concluding that the providers' unjust enrichment claim against an insurer failed under New York law because "[i]t was the patient, not [the insurer], who received the benefit of the Providers' direct services," and because the insurer did not ask the providers to perform those services); *Grand Prix Motors, Inc. v. Greene*, No. DBD-CV-21-6038357-S, 2021 WL 4287349, at *5 (Conn. Super. Ct. Sept. 1, 2021) ("Merely demonstrating an expectation that an insurance company will pay for services you

---

[3] We also conclude that Genesis's promissory estoppel and unjust enrichment claims fail because Genesis improperly incorporated allegations of a breach of an express contract between the parties into its promissory estoppel and unjust enrichment counts. *See Place v. Conn. Coll.*, No. CV-10-6003543, 2010 WL 3961288, at *4 (Conn. Super. Ct. Sept. 8, 2010) (collecting cases) ("[I]f the plaintiff incorporates allegations of a breach of an express contract between the parties into a count stating a claim for unjust enrichment cause, the plaintiff violates the rule that those alternative causes of action must be pleaded in separate counts.").

provided to a separate entity, is far too remote and indirect to establish standing."). Thus, Genesis provides no basis to conclude that the district court erred in dismissing its unjust enrichment claim.

Finally, we affirm the dismissal of Genesis's ERISA claim. Section 502(a) permits "a participant or beneficiary" of an ERISA plan to bring a civil action to "recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Typically, only such a participant or beneficiary may "sue directly for relief" under section 502(a). *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 329 (2d Cir. 2011). We have, however, "carved out a narrow exception to the ERISA standing requirements to grant standing to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care." *Id.* In its opening brief, Genesis does not challenge the district court's finding that it failed to adequately allege any valid assignment of claims. Thus, despite Genesis's attempt to raise this challenge in its reply, the argument is not properly before us. *See Windward Bora LLC v. Sotomayor*, 113 F.4th 236, 245 n.6 (2d Cir. 2024). Genesis's sole argument in its opening brief with respect to the dismissal of its ERISA claim is that the district court should have allowed it to replead the claim. But while Genesis requested leave to amend its *state law* claims (albeit improperly, as set forth below), it never even indicated to the district court that it wished to amend its complaint to save its ERISA claim. Accordingly, this argument is without merit.

## II. Denial of Leave to Amend

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018). Here, given that Genesis did not properly move for leave to amend its complaint, we

6

conclude that the district court did not abuse its discretion by dismissing Genesis's claims with prejudice.

Genesis's only requests for leave to amend its complaint appeared in its opposition to Cigna's motion to dismiss. First, Genesis stated that it "believe[d]" it was "in the interest of judicial economy . . . to request leave to amend [its CUTPA and CUIPA claims]," and that, "[i]n order to comply with the Federal Rules of Civil Procedure," it would "file a separate motion seeking leave to amend [those claims]." Dist. Ct. Dkt. 41 at 17–18. Then, in a footnote, Genesis requested the opportunity to amend its complaint "should the [district court] . . . find" that ERISA preempted its state law claims. *Id.* at 26 n.6. But Genesis did not file a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2); nor did it provide details regarding any new facts it would allege. Even now, on appeal, Genesis fails to provide any specificity regarding how it would cure the pleading deficiencies the district court identified. Under these circumstances, the district court acted well within its discretion in dismissing Genesis's complaint without leave to amend. *See WC Cap. Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013); *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 662 F.3d 600, 603 (2d Cir. 2011); *see also Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 82 (2d Cir. 2022) ("[A] district court cannot be said to err by not permitting an amendment that was never requested.").

\* \* \*

We have considered Genesis's remaining arguments and find them to be unpersuasive. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7