*Williams v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-five.

Present:
>REENA RAGGI,
>GERARD E. LYNCH,
>MICHAEL H. PARK,
>>*Circuit Judges.*

---

TROY WILLIAMS,

>*Plaintiff-Appellant,*

>v.                                                                          24-2408

UNITED STATES OF AMERICA,

>*Defendant-Appellee.**

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JACK SPICER, Shillen Mackall Seldon & Spicer Law Office, P.C., Woodstock, VT. |
| FOR DEFENDANT-APPELLEE: | KAITLIN E. HAZARD (Gregory L. Waples, *on the brief*), Assistant U.S. Attorneys, *for* Michael P. Drescher, Acting United States Attorney for the District of Vermont, Burlington, VT. |

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a July 16, 2024, judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Troy Williams appeals the district court's judgment dismissing his complaint. Williams had brought claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), alleging that U.S. Postal Service ("USPS") workers were negligent and caused him to suffer injuries while he was working for a contractor of the USPS in Vermont. On appeal, Williams argues that the district court erred in concluding that his suit was foreclosed by the Vermont Workers' Compensation Act ("VTWCA") and thus failed for lack of subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On appeal of a dismissal for lack of subject matter jurisdiction, "we review factual findings for clear error and legal conclusions *de novo*." *Id.* (citing *Close v. New York*, 125 F.3d 31, 35 (2d Cir. 1997)).

"The doctrine of sovereign immunity is jurisdictional in nature." *Id.* The FTCA waives the United States government's sovereign immunity for:

> [C]laims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Under the FTCA, the United States is liable for tort suits "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006) (applying FTCA to tort claims arising out of USPS activity). District courts thus have subject matter jurisdiction over FTCA suits only if a private defendant could have been sued in the state where the alleged governmental negligence or wrongful act occurred. *See Makarova*, 201 F.3d at 113–14. "The United States' waiver of immunity under the FTCA is to be strictly construed in favor of the government." *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (internal quotation marks omitted).

The district court correctly determined that it lacked subject matter jurisdiction over Williams's claims because the FTCA's waiver of sovereign immunity does not apply to this case. When a private employer in "like circumstances" to the United States would be immune from tort liability under the applicable state's workers' compensation laws, the FTCA does not waive the United States's sovereign immunity, and a court must dismiss the employee's suit for lack of jurisdiction. *See Makarova*, 201 F.3d at 114. Applicable here, the VTWCA makes workers' compensation the exclusive remedy in Vermont for an injured employee's work-related injuries, subject to certain exceptions. 21 V.S.A. § 622.

Williams agrees that the United States is his statutory employer under the VTWCA and that the district court lacks jurisdiction if a private employer in "like circumstances" to the United States would be immune from suit under the VTWCA. But he argues that one of the VTWCA's exceptions to employer immunity from civil suits applies. Specifically, the VTWCA provides that when an employer "failed to comply with section 687," an employee "may elect to claim compensation under this chapter or to bring a civil action against the employer for full damages

3

resulting from the work injury." 21 V.S.A. § 618(b). Section 687, in turn, requires that "[e]mployers, not including State, county, or municipal bodies, shall secure [workers'] compensation for their employees" in specified ways. 21 V.S.A. § 687. According to Williams, the United States did not secure workers' compensation through any of the means provided by 21 V.S.A. § 687, so a similarly-situated private employer would be exempt from immunity under the VTWCA.[2]

The problem with Williams's argument is that his direct employer, RSD, did have a workers' compensation insurance policy, in compliance with 21 V.S.A. § 687, and so represented to USPS before USPS awarded the contract to RSD. As Williams's counsel conceded at argument, USPS took affirmative steps to inquire about RSD's workers' compensation coverage status and covered the costs for such coverage. Moreover, Williams indisputably collected workers' compensation under RSD's policy. The VTWCA "specifically and unambiguously covers multiple-employer business situations." *Candido v. Polymers, Inc.*, 687 A.2d 476, 478 (Vt. 1996); *see also* 21 V.S.A. § 601(3) (defining "employer" to include "the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who … is not the direct employer of the workers there employed"). And Williams points

---

[2] We assume without deciding that the United States is in "like circumstances" to a private employer who has not secured workers' compensation under 21 V.S.A. § 687, while another employer of the same employee has. The government argued for the first time on appeal that the United States is instead in "like circumstances" to a private employer who *has* secured workers' compensation, because the USPS required Williams's direct employer—RSD Transportation, Inc. ("RSD")—to maintain a workers' compensation insurance policy. But we normally do not exercise our discretion to address "new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *Windward Bora LLC v. Sotomayor*, 113 F.4th 236, 245 (2d Cir. 2024) (internal quotation marks and brackets omitted).

4

to no provision in Vermont law that requires *each* employer in a "multi-employer business situation[]," *id.*, to secure workers' compensation for shared employees.

Williams asks us to interpret 21 V.S.A. § 687 to impose that obligation. But nothing in the plain language of the statutory text supports that interpretation, and adopting it would undermine the goals of the VTWCA.[3] Vermont courts recognize that the VTWCA "evinces a clear and strong policy against the double recovery of benefits." *Yustin v. Dep't of Pub. Safety*, 19 A.3d 611, 613 (Vt. 2011). "Allowing an employee with more than one employer to collect workers' compensation benefits from the first employer and then turn around and sue the second in negligence frustrates [VTWCA's] policy." *Welch v. Home Two, Inc.*, 783 A.2d 419, 422 (Vt. 2000) (citation omitted). That is exactly what Williams seeks to do here, having received "expeditious and certain" payments from RSD without having to prove fault, while still trying to sue the United States for damages. *Candido*, 687 A.2d at 478 (internal quotation marks omitted). Allowing Williams to recover in this manner from both employers would result in the "double recovery of benefits," *Yustin*, 19 A.3d at 613, and disrupt the "quid pro quo" the VTWCA enacts, where employees *give up* the right to sue in exchange for "expeditious and certain payments without having to prove fault," *Candido*, 687 A.2d at 478 (internal quotation marks omitted). *Smith v. Desautels*, the case on which Williams principally relies, is not to the contrary as the

---

[3] In Vermont, the "paramount goal" of statutory interpretation is to "discern and implement the intent of the Legislature." *State v. Berard*, 220 A.3d 759, 762 (Vt. 2019) (internal quotation marks omitted). To do so, Vermont courts "look first to the plain language of the statute, and, if this is insufficient to determine legislative intent, [they] consider the broad subject matter of the statute, its effects and consequences, and the purpose and spirit of the law." *Northfield Sch. Bd. v. Washington S. Educ. Ass'n*, 210 A.3d 460, 467 (Vt. 2019) (internal quotation marks omitted).

employee there recovered from a single, uninsured employer. 953 A.2d 620, 621, 627–28 (Vt. 2008).

Williams says we must interpret 21 V.S.A. § 687 broadly to advance the VTWCA's goal of ensuring "injured employees receive benefits unless the law is clear to the contrary." *Butler v. Huttig Bldg. Prods.*, 830 A.2d 44, 47 (Vt. 2003) (internal quotation marks and citation omitted). But injured employees like Williams receive benefits when *one* employer secures workers' compensation. Extending § 687 to impose obligations on all employers of shared employees is unsupported by its text and inconsistent with the VTWCA's goals.

\* \* \*

We have considered the remainder of Williams's arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court